**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michelle Mellema, | ) | No. CV 09-844-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Roslyn O. Silver, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. # 3) The Court will also address whether Plaintiff's Complaint complies with 28 § U.S.C. 1915(e), which specifies when a district court must dismiss an in forma pauperis proceeding.

**I.      Standard of Review**

In a case proceeding in forma pauperis, Congress provided that a district court "shall dismiss the case at any time if the court determines that [] the allegation of poverty is untrue" or that "the action or appeal . . . is frivolous or malicious, [] fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Ninth Circuit has held that section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). In addition, the Ninth Circuit has held "that section 1915(e) not only permits

but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim." See id.

**II.     Discussion**

Plaintiff has filed suit against Judge Roslyn Silver, apparently because Plaintiff was dissatisfied with Judge Silver's ruling in a previous case filed by Plaintiff against the Arizona State Bar. See Mellema v. Arizona State Bar, CV-08-0967-PHX-ROS (D. Ariz. filed Feb. 9, 2009). In the prior case, Plaintiff alleged that the State Bar failed to properly discipline Plaintiff's former attorney and that this failure caused Plaintiff injury. In the instant Complaint, Plaintiff alleges that Judge Silver "was required to resolve [her] complaint" but "she failed completely." Plaintiff demands "the original claim of $1,000,000 plus $500,000 in personal injury." Plaintiff's Complaint, however, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Federal judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991). Judicial immunity applies "however injurious in its consequences [the act] may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996). Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993); see also Stump v. Sparkman, 435 U.S. 349, 362 (1978) (an act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity). Here, Judge Silver rendered a decision in Plaintiff's former case in her judicial capacity. Judge Silver therefore is entitled to absolute judicial immunity. Accordingly, Plaintiff's Complaint in the instant case must be dismissed under 28 U.S.C. § 1915(e)(2).

/ / /

/ / /

/ / /

**III.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. # 3)

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint with prejudice. (Doc. # 1)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 4th day of May, 2009.

_____
Mary H. Murguia
United States District Judge